# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1262 | **DATE** | June 6, 2002 |
| **CASE TITLE** | *Judith M. Kelley vs. City of Chicago* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition for award of attorney's fees [25-1] is granted. The court awards plaintiff's attorney's fees in the amount of $41,450.00

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN - 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 02 JUN -6 PM 4:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JUDITH M. KELLEY,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No: 02 C 1262<br>) |
| **CITY OF CHICAGO,** | ) Judge James H. Alesia<br>) |
| Defendant. | )<br>) |

DOCKETED
JUN - 7 2002

## MEMORANDUM OPINION AND ORDER

Before the court is a petition for award of attorney's fees, filed by plaintiff Judith M. Kelley ("Kelley"). For the following reasons, the court grants Kelley's petition for award of attorney's fees.

## I. BACKGROUND

Kelley brought this case under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. She claimed that defendant City of Chicago ("the City") discriminated against her when it determined that she was unable to continue working as a police officer because she could not "maintain an independent and stable gait," in violation of Chicago Police Department General Order 98-2. Kelley argued that General Order 98-2 violated the Rehabilitation Act because it was not job-related or consistent with business necessity.

On April 2, 2002, after a hearing, the court granted Kelley's motion for a temporary restraining order, thereby allowing her to return to work. The court, with both parties' agreement, extended the temporary restraining order to May 3, in order to accommodate the

City's attorney. On April 9, the parties stated in open court that they had settled the case. Particularly, the City agreed to: (1) be enjoined from enforcing General Order 98-2 minimum eligibility requirements against Kelley, as long as she passed a firing range test; (2) reinstate Kelley's baby furlough days, personal days, compensatory time, and paid medical roll leave time; (3) pay reasonable attorney's fees; and (4) enforcement of the agreement by the court. (Tr. Apr. 9, 2002, at 11-12.) In return, Kelley agreed to waive compensatory damages. Despite these representations in court, the parties were unable to finalize the settlement of the case and the litigation continued. On April 23, the court found that the parties' in-court agreement constituted a settlement of this case and entered a consent decree in favor of Kelley that was consistent with the parties' April 9 agreement.

Kelley has now filed a petition for award of attorney's fees. The City raises six challenges to the fee petition. Particularly, the City argues: (1) any fee award should be limited to fees incurred as of the parties' in-court agreement on April 9; (2) the number of hours that Kelley's attorneys have billed for preparation of the instant fee petition is unreasonable; (3) the court should reduce the number of hours billed for preparing the complaint and motion for a temporary restraining order; (4) Kelley is not entitled to fees for time spent preparing and filing a motion for relatedness; (5) Kelley is not entitled to fees for time spent on correspondence with the City's counsel regarding Kelley's leave time; and (6) Kelley's counsel's billing rate is

unsubstantiated.[1] The court will first review the standard for granting a petition for attorney's fees and then will address each of the City's arguments in turn.

## II. DISCUSSION

### A. Standard for Granting a Petition for Attorney's Fees

Because Kelley's case arises under 29 U.S.C. § 794, the remedial provisions of 42 U.S.C. § 2000d apply to this case. 29 U.S.C. § 794a(a)(2). Prevailing parties under 42 U.S.C. § 2000d are entitled to recover a reasonable attorney's fee. 42 U.S.C. § 1988(b). The Supreme Court has held that a plaintiff who receives a judgment in her favor in the form of a consent decree is a prevailing party and, therefore, entitled to recover attorney's fees. *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001). Therefore, Kelley is a prevailing party entitled to recover reasonable attorney's fees in this case.

When determining attorney's fee awards under 42 U.S.C. § 1988, the court must first determine the number of hours reasonably expended on the litigation and then multiply that number of hours by a reasonable hourly rate. *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court will apply that analysis to this case and will first review the City's objections to the number of hours that Kelley's attorneys have billed for this case and will then review the City's objection to Kelley's attorneys' billing rates.

---

[1] The court notes that, in an agreed motion filed May 22, 2002, the City withdrew its objection to the time that Kelley's counsel spent on a motion for sanctions.

## B. Kelley's Petition for Award of Attorney's Fees

### 1. Number of Hours Reasonably Expended

The City raises five objections to the number of hours that Kelley's attorneys have billed for this case. The City argues: (1) any fee award should be limited to fees incurred as of the parties' in-court agreement; (2) the number of hours that Kelley's attorneys have billed for preparation of the instant fee petition is unreasonable; (3) the court should reduce the number of hours billed for preparing the complaint and motion for a temporary restraining order; (4) Kelley is not entitled to fees for time that her attorneys spent preparing and filing a motion for relatedness; and (5) Kelley is not entitled to fees for time spent on correspondence with the City's counsel regarding Kelley's leave time.

First, the court finds that the hours that Kelley's counsel spent on settlement and preparing for trial after the April 9 hearing were reasonably incurred. After the in-court agreement on April 9, the City attorney's statements and actions prevented the execution of the settlement upon the terms as stated in court. Therefore, Kelley's attorneys were forced to spend additional time seeking to enforce the settlement on the agreed-upon terms. Additionally, on April 16, the court re-set the case for trial at the end of April, and Kelley's attorneys' preparations for trial were reasonable.

Second, the court finds that Kelley is entitled to fees for time that her attorneys spent preparing the instant fee petition but concludes that the amount of time billed by her attorneys is not reasonable. The court finds that 14.6 hours is not a reasonable amount of time to prepare a fee petition in this case, in which, according to the billing records, 158.1 hours were spent on

4

the merits. Therefore, the court reduces the number of hours spent on preparing the fee petition to 9 hours. *See Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001) (stating that a district court should determine whether the number of hours billed for preparing the fee petition bears a rational relationship to the number of hours spent litigating the merits).

Third, the City argues that this case is substantially similar to another one of Kelley's attorneys' cases and that the similarities between the two cases render the number of hours that Kelley's attorneys bill for preparing the complaint, motion for a temporary restraining order, and supporting affidavit in this case unreasonable. *See Cataldo v. City of Chicago*, No. 01 C 6665 (Andersen, J.). In *Cataldo*, as in this case, a Chicago police officer challenged General Order 98-2 under the Rehabilitation Act. Kelley's attorneys moved for a temporary restraining order in *Cataldo* just as they did in this case. The court agrees with the City that the number of hours that Kelley's attorneys bill for the complaint and motion for a temporary restraining order is not reasonable because of this case's similarity to *Cataldo*. Therefore, the court reduces the time spent on the complaint from 13.2 hours to 10 hours and the time spent on preparing the motion for temporary restraining order from 26 hours to 12 hours. Because Kelley's affidavit is unique to this case, the court finds the time billed for that task is reasonable. Finally, Kelley is not entitled to fees for the .3 hours that her attorney spent preparing a civil cover sheet, which is a clerical task. *Knazavich v. Siglers Auto Center, Inc.*, No. 99 C 8407, 2001 WL 1335772 at *3 (N.D. Ill. Mar. 29, 2001).

Fourth, the City argues that time spent on the motion for reassignment of this case to Judge Andersen as related to *Cataldo* was not reasonable. The court disagrees and finds that the

motion for reassignment was a reasonable strategy. The court notes that reassignment of this case to Judge Andersen as related would have resulted in a more efficient disposition of both cases and a reduced expenditure of attorney time. *See Jaffee*, 142 F.3d at 414 (reviewing the litigation as a whole, and not just plaintiff's successful claims, in determining the number of hours that plaintiff's counsel reasonably incurred).

Fifth, the City argues that the time Kelley's counsel spent on correspondence with the City regarding Kelley's leave time was not reasonable and that the time should be billed at a reduced rate. As Kelley points out in her reply, the issue of leave time was central to determining when she would suffer irreparable harm. Furthermore, the City provides no authority, nor has the court's own research revealed any, to support its argument that attorney correspondence should be billed at a reduced rate. The court concludes that time spent on correspondence regarding Kelley's leave time was reasonable.

Therefore, the court concludes that Karen Ward, ("Ward") Kelley's lead counsel, reasonably incurred 115.3 hours of work on this case and that her co-counsel Byron Mason ("Mason") reasonably incurred 34.3 hours on this case.

### 2. **Reasonable Hourly Rate**

The City challenges Ward's billing rate of $300.00 per hour. Ward bases her rate on her academic and professional background as well as her experience in discrimination cases under the Americans with Disabilities Act and the Rehabilitation Act. (Aff. of Karen I. Ward in Supp. of Pet. for Att'ys Fees, ¶ 8.) Additionally, in an affidavit attached as an exhibit to Kelley's reply, Paul Mollica, a Chicago employment discrimination attorney, states that the billing rates of Ward

6

and Mason are reasonable and consistent with the rates of other Chicago employment discrimination attorneys with comparable experience and backgrounds. (Pl.'s Rep. to Def.'s Resp. to Pl.'s Pet. for Award of Att'ys Fees, Ex. A ¶¶ 4, 5.) The City offers no evidence in rebuttal. Therefore, the court finds that the billing rates of both Ward – $300.00 per hour – and Mason – $200.00 per hour – are proportionate to their background and experience as well as consistent with the applicable market rate. *See Bull v. Coyner*, No. 98 C 7583, 2001 WL 630339 at *1 (N.D. Ill. May 30, 2001) ("An attorney's market rate is the rate that lawyers of similar ability and experience normally charge their paying clients for the type of work in question .... However, '[T]he attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.'") (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555) (7th Cir. 1999)).

Multiplying the 115.3 hours that Ward worked on this case by her $300.00 hourly rate and multiplying the 34.3 hours that Mason worked on this case by his $200.00 hourly rate, the court concludes that Kelley is entitled to a reasonable fee of $41,450.00.

### III. CONCLUSION

For the reasons set forth herein, the court grants Kelley's petition for award of attorney's fees and awards Kelley fees in the amount of $41,450.00.

Date: **JUN 06 2002**

James H. Alesia
United States District Judge

7